UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| ANDREW J. CHERRONE, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | Case No. 2:13-cv-384-JMS-MJD |
| vs. | ) | |
| | ) | |
| SUPERINTENDENT, Wabash Valley | ) | |
| Correctional Facility. | ) | |

**Entry and Order Dismissing Action**

In an action for habeas corpus relief brought in the Northern District of Indiana, state prisoner Andrew Cherrone's challenge to a disciplinary proceeding identified as No. ISP 11-05-0056 was rejected. *Cherrone v. Superintendent,* 2012 WL 5878676 (N.D. Ind. Nov. 21, 2012). In that action, the court rejected Cherrone's claims that he was denied the right to call witnesses and was denied the right to present evidence.

This action is a sequel to the habeas action just noted. A second or successive challenge to the same disciplinary proceeding must be dismissed for lack of jurisdiction. *Harris v. Cotton,* 296 F.3d 578, 579 (7th Cir. 2002) (section 2244(b) of 28 U.S.C. applies to § 2254 petitions challenging sanctions imposed in prison disciplinary proceedings); *see also Burton v. Stewart,* 549 U.S. 147, 153 (2007) (stating that the district court was without jurisdiction to entertain the habeas petition because the petitioner failed to receive the required authorization from the Court of Appeals and had "twice brought claims contesting the same custody imposed by the same judgment of the state court.").

Cherrone argues that he should be permitted to persist with this action because after it was filed the Indiana Department of Correction amended his disciplinary record, changing the code associated with the misconduct. Specifically, the record now shows that Cherrone was

guilty of "sexual conduct" rather than the original offense of "non-consensual sexual acts against staff." This change would not warrant the relief Cherrone seeks for several reasons. First, the re-coding of the offense in and of itself is not an act which extended the anticipated duration of Cherrone's confinement and thus could not support habeas relief. *Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001)(when no recognized liberty or property interest has been taken, which is the case here, the confining authority is free to use any procedures it chooses, or no procedures at all); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)(noting that an action that extends an inmate's release date subjects him to "custody"), *cert. denied sub nom. Hanks v. Finfrock*, 531 U.S. 1029 (2000). Second, revising an offense likewise does not violate due process so long as the revised finding is based on the same evidence as already considered and the inmate had notice of that evidence. *See Northern v. Hanks,* 326 F.3d 909, 911 (7th Cir. 2003) (explaining that inmate was not denied due process by substitution of different charge during administrative appeal because investigative report given to inmate before disciplinary hearing placed him on notice that he could be subject to additional charge); *Holt v. Caspari,* 961 F.2d 1370, 1373 (8th Cir. 1992) (concluding that prison disciplinary committee did not deny inmate due process by elevating charge from possession of "contraband" to "dangerous contraband" since both charges shared same factual basis). Third, Cherrone argues that his sanctions (which were not changed) are excessive relative to the re-coded finding. That claim must be rejected, however, because the severity of the sanction imposed is ordinarily not cognizable in an action such as this, *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997), and this case is no exception. Thus, even if entry of the amended code for the offense is treated as an issuance of an amended finding which Cherrone was unable to challenge in the prior habeas action, Cherrone cannot prevail here. *See Magwood v. Patterson*, 130 S. Ct. 2788 (2010).

Based on the foregoing, the respondent's motion to dismiss [dkt. 9] is **granted.** Cherrone's motion to produce documents [dkt. 21] is **denied** as moot.

Judgment consistent with this Entry shall now issue.

Date: 04/28/2014

*[Signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Andrew Cherrone, Jr., 994200
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, In 47838